### GUILD v. HUWER.

#### (City Court of Brooklyn, General Term. December 27, 1892.)

##### Sale of Goods—Failure to Deliver—Evidence—Admissibility.

In an action for failure to deliver goods purchased by plaintiff of defendant, it appeared that plaintiff's right to recover was defeated if the goods were, in law, delivered on the complete manufacture thereof, though remaining in defendant's factory. *Held,* that evidence that the goods were to be retained by defendant at his own risk till they were actually delivered on plaintiff's orders was admissible.

Appeal from trial term.

Action by James B. Guild against John Huwer on a contract for the sale and delivery of certain goods to plaintiff. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Edwin R. Root, for appellant.

Brunnemer & Bennett, for respondent.

VAN WYCK, J. According to the pleadings and the charge of the trial judge, the right of plaintiff to recover was defeated if the goods contracted to be purchased from the defendant were, in law, delivered upon the complete manufacture thereof, though remaining in defend-

ant's factory. The testimony tends to show, and the jury thereupon finds, that the plaintiff agreed to purchase, at fixed prices, certain goods from the defendant, to be manufactured, the defendant agreeing to retain possession thereof at his own risk till they were actually delivered upon plaintiff's orders. We see no reason to disturb this finding of the jury, that the goods were not delivered. The testimony that the goods were to be retained by defendant at his own risk till they were actually delivered upon plaintiff's orders was clearly admissible, under the pleadings, to show that it was the intention of the parties that nothing short of actual manual delivery, on plaintiff's orders, should be deemed a delivery.

Judgment and order must be affirmed, with costs.